UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 4:19-CR-591-ERW |
| ABDUL NAUSHAD, and WAJIHA NAUSHAD | ) ) ) ) |
| Defendants. | ) |

**THE UNITED STATES OF AMERICA'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM CLAIMING IGNORANCE OF LAW OR MISTAKE OF LAW**

COMES NOW, the United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Derek Wiseman and Dorothy McMurtry, Assistant United States Attorneys for said District, and files this Motion in Limine to Preclude the Defendants from Claiming Ignorance of Law or Mistake of Law. In support, the United States provides the following:

**BACKGROUND**

Defendants Abdul Naushad and Wajiha Naushad were originally indicted on July 25, 2019. On November 14, 2019, a superseding indictment was returned against Defendants, and on August 5, 2020, a second superseding indictment was returned against Defendants. Under the second superseding indictment, Defendants are currently charged with one count of conspiring to defraud the United States and to commit offenses against the United States, six counts of receiving and delivering misbranded medical devices, six counts of receiving and delivering adulterated medical devices, and eleven counts of health care fraud. *See* Doc. 101.

1

The United States believes that defense counsel will argue at trial that Defendants are immune from criminal sanctions for distributing—and billing Medicare for—misbranded and adulterated medical devices because they allegedly believed their conduct was legal. Such an argument is inconsistent with the law. That's because none of the charges in the second superseding indictment require the United States to prove that the Defendants acted with the specific intent to violate the law. *See United States v. Carlson*, 810 F.3d 544, 554 (8th Cir. 2016); *United States v. Tucker*, 137 F.3d 1016, 1036 (8th Cir. 1998). Indeed, neither the Federal Food, Drug, and Cosmetics Act ("FDCA") nor the heath care fraud statute requires that the United States "prove that Defendants knew of—or intended to violate—those laws when they engaged in their allegedly offending behavior." *United States v. Oz*, No. CR1300273SRNFLN, 2017 WL 410534, at *1 (D. Minn. Jan. 30, 2017). In line with the well-established principle that ignorance of the law is no defense to any offense requiring only a "knowing" state of mind,[1] the United States respectfully requests that the Court preclude any testimony, evidence, argument, and cross-examination designed to show that Defendants allegedly believed their conduct was legal.

## ARGUMENT

I.  **This Court should preclude Defendants from presenting an ignorance of law or a mistake of law defense.**

Because none of the statutes in this case require a specific intent to violate the law, Defendants cannot argue or present evidence that they believed their conduct to be legal. Instead of imposing a specific intent requirement, the statutes at issue in this case—the FDCA and the health care fraud statute—require the United States to prove a "knowing" violation of those

---

[1] *Bryan v. United States*, 524 U.S. 184, 194–96 (1998).

statutes. The Eighth Circuit has consistently held that knowing violations of a statute do not require any proof of intent to violate the law or knowledge of the law. *United States v. Dockter*, 58 F.3d 1284, 1288 (8th Cir. 1995); *United States v. Udofot*, 711 F.2d 831, 835–37 (8th Cir. 1983); *United States v. Enochs*, 857 F.2d 491, 493 (8th Cir. 1988); *United States v. Hutzell*, 217 F.3d 966, 968 (8th Cir. 2000); *United States v. Sinskey*, 119 F.3d 712, 715–16 (8th Cir. 1997); *United States v. Farrell*, 69 F.3d 891, 893 (8th Cir. 1995); *United States v. Yermian*, 468 U.S. 63, 75 (1984); *see also United States v. Wilson,* 133 F.3d 251, 262 (4th Cir. 1997) ("If we construe the word 'knowingly' as requiring that the defendant must appreciate the illegality of his acts, we obliterate its distinction from the willfulness.").

For FDCA charges—like the ones at issue here—the Eighth Circuit has repeatedly rejected a requirement "that the defendants had to know their actions violated particular provisions of the FDCA." *United States v. Hiland*, 909 F.2d 1114, 1129 n. 21 (8th Cir. 1990); *Carlson*, 810 F.3d at 554. In *Carlson*, for example, the Eighth Circuit expressly rejected requirements for the "jury to find that 'the defendants knew of this regulatory "misbranding" law,' knew the definition of 'misbranding' as defined under the FDCA, and acted with the intent to violate the FDCA." *Carlson*, 810 F.3d at 554. As the Eighth Circuit explained, "for felony FDCA convictions, defendants need only have 'knowledge of the essential nature of the alleged fraud' and are not required to be familiar with the misbranding law or with the statutory definition of 'misbranding.'" *Id.* (quoting *Hiland*, 909 F.2d at 1129 n. 21).

Under binding precedent from the Eighth Circuit, "[w]hat Defendants may not do is argue that they were unaware of the FDCA's . . . requirement[s], or that they believed they were in compliance with that law." *Oz*, 2017 WL 410534, at *1 (citing *United States v. Carozza*, 608 Fed. App'x 532, 535–36 (9th Cir. 2015) ("The district court did not err by instructing the jury that

3

Defendants' belief that they were in compliance with the law or that the government lacked the authority to enforce the law in a particular way was not, standing alone, a defense. Defendants' beliefs about the law as written were irrelevant[.]")). This prohibition applies to any "good faith defense" offered by Defendants. *Id.* at *1–2. Therefore, this Court should preclude any testimony, evidence, argument, and cross-examination designed to show that Defendants allegedly believed their conduct was legal.

## CONCLUSION

The United States respectfully requests that—pursuant to binding precedent—the Court preclude any testimony, evidence, argument, and cross-examination designed to show that Defendants allegedly believed their conduct was legal.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

 */s/ Derek J. Wiseman*
DEREK J. WISEMAN, #67257MO
Assistant United States Attorney
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel for the defendant.

/s/ Derek J. Wiseman
DEREK J. WISEMAN #67257MO
Assistant United States Attorney
