## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No. S1 4:19-CR-591 ERW/NAB** |
| | ) | |
| | ) | |
| **ABDUL NAUSHAD (1) and** | ) | |
| **WAJIHA NAUSHAD (2),** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANTS' RESPONSE TO MOTION *IN LIMINE* CONCERNING ADMISSION OF WILLOW CREEK EMAILS

Come now the Defendants, Abdul Naushad ("Dr. Naushad") and Wajiha Naushad ("Mrs. Naushad"), by and through counsel, and respectfully submit this response to the government's Motion *in Limine* Concerning Admission of Willow Creek Emails (Doc. 207) and its supplemental motion (Doc. 213).

### INTRODUCTION

The government wants the Court to provisionally admit a selection of emails (from a much larger set of emails that it has <u>refused</u> to provide to the Defendants) based solely on the government's bare assertion that the emails qualify as co-conspirator's statements. They do not, and they should not be admitted.

To admit hearsay in this manner, the government must prove (through evidence *other* than the proffered hearsay) that (i) there was a conspiracy, (ii) the declarant was a co-conspirator with the Defendants, and (iii) the statements at issue were made during the course of *and* in furtherance of this conspiracy. The government cannot show any of these things.

Although the government has investigated this matter for over five years, it has no evidence of any agreement between the Naushads and their alleged co-conspirator, Willow Creek President Norm Sutherland, to commit any criminal act. On the contrary, the hearsay at issue shows an arms-length, buyer-seller relationship between a medical clinic and a medical device distributor. Nor is there evidence that any declarant in the disputed emails reached an agreement to violate the Food, Drug, and Cosmetic Act or any other criminal statute.

This is not a case about obvious contraband or illicit drugs. The statutes and regulations at issue are highly specialized and extremely complicated. And there is no evidence that Mr. Sutherland, any other Willow Creek employee, or the Defendants had the knowledge or intent necessary to violate them.

This is not how these motions usually proceed. In most cases, the government produces a cooperating witness—or other external evidence—to establish a conspiracy. Here, however, neither the Court nor the jury will hear any testimony that Mr. Sutherland or his colleagues (or anyone communicating in these emails) intended to commit a crime. That is because the government does not intend to call anyone at Willow Creek, or any party to the proffered emails, as a witness. In fact, according to the discovery, the government has not spoken with any of these declarants. (Although, again, the government has provided the Defendants with scant information about its investigation into Willow Creek.) Instead, as demonstrated by its other motions, the government seeks to prove its case against the Defendants without witnesses subject to cross-examination. This is improper.

2

In addition to these problems, the proffered hearsay statements have two additional deficiencies which render them incapable of admission as co-conspirator statements:

*First*, the government cannot establish that the statements in the emails came from the alleged co-conspirator. This is because it cannot establish with any certainty that Norm Sutherland (rather than someone else) actually wrote them. This isn't a speculative concern; many of the emails the government produced from the email account at issue were signed with names of people *other* than Norm Sutherland, even though that is the name that appears in the header.

*Second*, many of the emails, on their face and by their very terms, cannot be construed in any fashion to further the conspiracy that the government claims to exist. For example, two of the emails relate to Willow Creek's customers other than the Defendants and have nothing to do with the alleged conspiracy at all.

## ARGUMENT

For the emails to be admissible under Rule 801(d)(2)(E), the government must prove by a preponderance of the evidence that "(1) a conspiracy existed; (2) the declarants were co-conspirators of the defendant; and (3) the statements were made during the course of and in furtherance of the conspiracy." *United States v. Trujillo-Perez*, 11 F. App'x 688, 690 (8th Cir. 2001) (citing *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987)). The government cannot establish any of these three requirements.

3

## I.    The government cannot establish the existence of a conspiracy.

The Supreme Court has held that, "[b]efore admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule." *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). To admit the statement, the government must first establish by independent evidence that "it is more likely than not that a conspiracy existed." *United States v. Macklin*, 573 F.2d 1046, 1048 (8th Cir. 1978).

"[A]lthough courts may consider the contents of the statements, the government must produce independent evidence outside of the statements themselves to establish the existence of the conspiracy." *United States v. Young*, 753 F.3d 757, 771 (8th Cir. 2014) (emphasis added). The independent evidence can be direct or circumstantial. *Id*. Here, the government has no evidence of any conspiracy. It does not even have evidence that either of the Defendants ever communicated with Norm Sutherland at all—much less that the three discussed any of the alleged problems with the labels of Willow Creek's Orthovisc or agreed to receive and distribute an improperly labeled medical device.

At most, the government can show that the Naushads ordered Orthovisc devices from Willow Creek. The emails that the government wants to admit are not "independent evidence" of the supposed conspiracy. But even if the Court could consider them, the emails only show that the Naushads ordered Orthovisc from Willow Creek and that an email address that purports to belong to Norm Sutherland

was involved in fulfilling the orders. These emails show, at best, that the "Norm Sutherland" email address, sometimes with an email signature that says "Ally," emailed a different company about fulfilling the alleged order.

None of this is sufficient proof of a conspiracy. Even if there were evidence outside of these emails of a buyer-seller relationship between the Defendants and Willow Creek, and there is not, mere proof of a buyer-seller relationship is not sufficient to establish a conspiracy. *United States v. Prieskorn*, 658 F.2d 631, 633 (8th Cir. 1981). This is because "a buyer and a seller engaged in an arm's length commercial transaction do not compose a 'group' in the sense relevant to conspiracy law because they do not have a common aim." *United States v. Xiong*, No. 06-CR-72-S, 2006 WL 3025651, at *3 (W.D. Wis. July 7, 2006) (citing *see, e.g.*, *United States v. Shi*, 317 F.3d 715 (7th Cir. 2003) (purchaser of a counterfeit visa form charged with conspiracy)). Without a "separate, common objective, there is no conspiracy." *Id.*

Here, to establish a conspiracy, the government would have to show that all parties to the purported conspiracy were aware that the devices were illegal and that they agreed to the unlawful aim of the conspiracy. The government cannot do this by merely proving that the Naushads ordered products from Willow Creek. This is evidence of no more than an arms-length commercial relationship akin to that between shoppers and a wholesale retail outlet.

Because the government's conspiracy allegation is an evidentiary gimmick without merit, its motion, if granted, invites a mistrial if the emails are provisionally admitted. To be sure, *United States v. Bell* recommends that district courts permit

5

the government to introduce putative co-conspirator hearsay declaration into evidence subject to being "connect[ed] up" with later proof that the defendant was involved in a criminal conspiracy with the hearsay declarant. *See* 573 F.2d 1040 (8th Cir. 1978). But, as other Circuit Courts and Eighth Circuit judges have noted, the backwards order of proof allowed by *Bell* "may be more burdensome and expensive of prosecutorial and judicial effort than a reordering of the proof." *United States v. James*, 590 F.2d 575, 582 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917 (1979). And courts have noted that the "great waste inherent in a mistrial may also cause a district court to hesitate granting a mistrial in favor of delegating to the jury the task of determining whether a conspiracy has been adequately proven. *United States v. Howard*, 706 F.2d 267, 270 (8th Cir. 1983) (McMillian, concurring) (citing *United States v. Mastropieri*, 685 F.2d 776, 788-89 (2d Cir. 1982) (discussing the proper roles of a judge and jury in determining whether a conspiracy exists)). Further, admitting such evidence provisionally—when there is no hope of later admission, and thereby ensuring a mistrial—violates the Defendants' Fifth and Sixth Amendment rights.

## II.     The government cannot establish that the declarant was a co-conspirator.

Even if there were sufficient proof of a conspiracy to satisfy the first requirement of the hearsay exception, and there is not, the government cannot prove that the declarants who wrote these emails were co-conspirators. This is because, to admit the emails as co-conspirator statements of Norm Sutherland, the government must establish by a preponderance of the evidence that <u>he</u> is the one who sent them.

6

*United States v. Trujillo-Perez*, 11 F. App'x 688, 690 (8th Cir. 2001). The government cannot do so.

The government obtained the emails pursuant to a search warrant years ago. (It has <u>never</u> provided the Defendants with the search warrant, the search warrant affidavit, or any information about the investigation in which the warrant was obtained.) It is the Defendants' understanding that the government will not call Norm Sutherland or any other Willow Creek employee to testify at trial. Nor will the government call any party to any of the emails as a witness at trial, or elicit testimony from any person who has communicated with Norm Sutherland or Willow Creek at the email address reflected in the disputed emails.

So how will the government prove the identity of the sender by a preponderance of the evidence? It won't. Instead, it asks the Court to assume that the actual identity of the sender of each email matches the name used in the email address. And it does this without providing any basis that this method is reliable—which is notable, given how easy such an identity is to spoof.

But there is even more evidence here showing why the Court should not make such an assumption. Specifically, multiple emails provided to the Defendants that purport to be sent from Norm Sutherland's email address have a different name listed in the "signature" at the end of the email. For example, Doc. 213-3, which the government is trying to admit as a co-conspirator statement, is an email that purports to be written by someone named "Ally" from "Norm's" email account.

At the very least, it appears that multiple people have access and send emails from the "Norm Sutherland" email account. Accordingly, the Court cannot and should not assume that, just because an email purports to be from "Norm," it was actually written by Norm. *Barker v. Computer Sci. Corp.*, No. 1:13-CV-857, 2015 WL 1442864, at *10 (E.D. Va. Mar. 27, 2015) (holding that text messages were not authenticated where the witness could not remember "when he found the phone[,] ... how he copied the messages, ... how he accessed the messages, or what he did with the phone after he copied the messages."), *aff'd*, 612 F. App'x 698 (4th Cir. 2015); *Rodriguez v. State*, 128 Nev. 155, 157 (2012) (holding that the trial court abused its discretion by admitting text messages without the state offering sufficient evidence corroborating the sender's identity).

In addition to this authentication problem, the government also has multiple double-hearsay problems. *First*, many of the government's proposed exhibits include email attachments that contain hearsay of their own, including packing slips showing shipping information, tracking information, and an online article. These attached documents are hearsay and inadmissible. *Second*, even the emails themselves likely contain hearsay. For example, most of the exhibits contain emails purportedly from Norm Sutherland's email address that relay orders from the Naushads to (apparently) Willow Creek's supplier. But it is not clear whether the sender has firsthand knowledge of the order or is just passing on to the supplier the order information it received from someone else. As the proponent of the evidence, the government has the burden to lay the necessary foundation and establish that a

hearsay exception applies. *See United States v. Irvin*, 682 F.3d 1254, 1262 (10th Cir.

2012). And no exception applies to any of this embedded hearsay.

Because the government cannot show who sent the emails, and because the

emails contain hearsay within them, the government cannot show that the declarant

was the alleged co-conspirator Norm Sutherland.

### III.   Many of the statements, on their face, could not have been made in furtherance of the alleged conspiracy.

In addition to both these deficiencies, many of the emails the government seeks

to admit cannot be said to be in furtherance of the alleged conspiracy. For example,

Doc. 213-4 is an email addressed to someone named Mark, who appears to work at

World Medical Ltd., about reselling inventory that had been returned "via TNT."

There is no indication that the email has anything to do with the Naushads or the

alleged conspiracy.

In addition, Doc. 213-9 is an email purportedly from Norm Sutherland's email

address to an unnamed person at "pharmmedglobal.com" about an online article sent

to him by a customer. In addition to the email and its attachments, which contain

obvious hearsay, the statements in the email cannot be said to be made in furtherance

of the conspiracy. Even if the government views the email, which discusses what the

sender believes to be a "policy shift" in not reimbursing for imported devices, as

somehow revealing something nefarious, the statements do nothing to advance the

conspiracy. *See United States v. Mitchell*, 31 F.3d 628, 632 (8th Cir. 1994). Even "[a]

statement that [] informs the listener of the declarant's criminal activities is not made

in furtherance of the conspiracy; instead, the statement must somehow advance the objective of the conspiracy." *Id*. (cleaned up).

Why does the government want this hearsay admitted? Because it has no proof through competent means to put the same or similar information before the jury. That is also exactly why the hearsay should be excluded.

## CONCLUSION

WHEREFORE, for all the reasons detailed above, the Court should deny the government's motion.

Respectfully submitted,

/s/ J. Alex Little
J. Alex Little (TN # 029858)
Zachary Lawson (TN # 036092)
Burr & Forman LLP
222 2nd Ave S, Suite 2000
Nashville, TN  37201
Telephone: 615-724-3203
alex.little@burr.com
*Attorney for Defendant Abdul Naushad*


/s/ Khalid Kahloon (w/permission)
Khalid Kahloon
Kahloon Law Office
600 West Main Street, Suite 500
Louisville, KY 40202
Telephone: 502-271-7200
kahloon@msn.com
*Attorney for Defendant Wajiha Naushad*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2022, I electronically filed with the Clerk of

the Court using the CM/ECF system upon:

Dorothy L. McMurty
U.S. Department of Justice
Office of U.S. Attorney
111 S. Tenth Street, 20th Floor
St. Louis, MO 63102
Email: dorothy.mcmurty@usdoj.gov


/s/ J. Alex Little