**EXHIBIT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MARK PALMER, ) <br> SAMUEL LEINICKE, and ) <br> CHARLES WOLFE, ) <br> ) <br> Defendants. ) | Case No. 4:14CR00175AGF |

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHARLES WOLFE, ) <br> ) <br> Defendant. ) | Case No. 4:14CR152AGF |

## ORDER

This matter came before the Court on the Government's Motion to preclude Defendant from asserting an Advice of Counsel Defense in Case No. 4:14CR175 AGF (the "Palmer" case), and Case No. 4:14CR152AGF (the "Wolfe" case). This Order summarizes decisions made by the Court at various pretrial hearings at which the issue was addressed.

The Government first asserted the matter in the Government's Motion to Preclude the Use of Certain Defenses (Palmer, ECF No. 346). The Court heard argument and permitted the parties to file supplemental briefs, which were filed on August 25, 2017. (Palmer, ECF Nos. 374, 375 and 379).

On September 13, 2017, the Court held a hearing related to the trial, and denied without prejudice the Government's motion to preclude the advice of counsel defense, to the extent the Government was asserting such defense was precluded as a matter of law. For the reasons stated more fully on the record, the Court found that following the Supreme Court's opinion in *McFadden v. United States*, 135 S. Ct. 2298 (2015), which specified the type of knowledge required with respect to controlled substance analogue charges, case law suggests such a defense could be asserted in appropriate circumstances. *See United States v. Reulet*, No. 14-40005-DDC, 2016 WL 126355, at *4-5 (D. Kan. Jan. 11, 2016); *United States v. McConnell*, No. 2:14CR00001, 2015 WL 4633669, at *4 (W.D. Va. Aug. 3, 2015). Though not precluding the defense as a matter of law, the Court could not, however, determine whether Defendants could offer such a defense or evidence of such a defense without a proffer by Defendants of the evidence they were seeking to offer. And Defendants were advised that they would need to make such a proffer in a timely manner prior to offering such evidence.

The Government thereafter filed a Motion for an Expedited Hearing and Motion in Limine to Preclude Mention of the Advice-of-Counsel Defense Until Ruling on Scope Has Been Made (Palmer, ECF No. 396; Wolfe, ECF No. 918), to which Defendants responded (Palmer, ECF No. 406; Wolfe, ECF No. 926). On September 19, 2017, the parties appeared for a final pretrial conference and hearing. Defendant Mark Palmer was present and represented by his attorneys R. Tyson Mutrux and Shelby Cowley. Defendant Samuel Leinecke was present and represented by his attorney Jason Korner. Defendant Charles Wolfe was present and represented by his attorneys Chris Threlkeld and J. William Lucco. The Government was represented by Assistant United States Attorneys Jim Delworth, Erin Granger, and Jennifer Winfield.

For the reasons stated more fully at the hearing, the Court held that on the current record it would not permit any advice of counsel defense or evidence of the legal opinions offered by Defendants. The Court expressed numerous concerns based on the limited information offered by Defendants. For example, by their terms, the four sample opinions state they are valid only as of the date of the opinions, and purport to express opinions only as to state law. It is difficult to determine what, if any, opinion as to federal law is being offered, or the basis of any such opinion, and the language used makes them quite misleading. The opinions also do not appear to reference the Controlled Substance Analogue Enforcement Act ("Analogue Act") – which is the statute primarily at issue here – and Defendants were unable to state whether the Analogue Act was mentioned in any of the opinions received. More importantly, the opinions provided plainly contemplate that the substances were not recommended for human consumption. Further, Defendants were unable to provide any information whatsoever with respect to the information provided to the attorney in connection with the opinions. As such, on this limited record, any probative value of the opinions of attorney Timothy Dandar would be far outweighed by their prejudicial impact and the risk of misleading the jury.

Accordingly, Defendants were advised at the pretrial hearing that no evidence related to an advice of counsel defense based on the opinions of Timothy Dandar could be presented until Defendants made a full proffer of the evidence to be offered, including the testimony of Timothy Dandar and the information provided to counsel in connection with the opinion. Although a proffer hearing had been scheduled for October 6, 2017, on that date, Defendants advised that attorney Dandar would not appear for the proffer. On October 11, 2017, Defendants further advised that, if called to testify, Dandar would invoke his Fifth Amendment rights.

Case 4:14-cr-00175-RGK Doc. #: 2641 Filed 10/18/22 Page 3 of 4 PageID #: 30756

Thus, for the foregoing reasons and the reasons stated more fully at the various pretrial hearings, on the current record, Defendants will not be permitted to offer an advice of counsel defense, or to discuss or offer the opinions of attorney Timothy Dandar.

Accordingly,

**IT IS HEREBY ORDERED**, on the current record, that the motions of the United States for a hearing regarding the Advice of Counsel defense, and to preclude mention and evidence of such Defense, is **GRANTED**. Case No. 4:14CR00175AGF, ECF Nos. 346 & 396; Case No. 4:14CR00152AGF, ECF No. 918.

Dated this 11th day of October, 2017.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE